HAWTHORNE, Justice.
 

 From conviction of the murder of John H. Green and sentence to death, James Poindexter has appealed.
 

 The accused Poindexter and the deceased Green were both inmates of the Louisiana State Penitentiary and as trusty guards carried arms. In the early morning of July 28, 1955, Green was shot in the back and killed. Poindexter admits the shooting but pleads self-defense, contending that Green reached for his pistol and that he fired one shot at Green as the latter turned away.
 

 After the State had rested its case and while the case was with the defendant, counsel for the defendant wished to place on the stand a witness named Robert Bear-■don, an inmate of the penitentiary, who was present in the courthouse where the trial
 
 *633
 
 was going on. Counsel requested the judge to remove from the courtroom certain penitentiary personnel before this witness was called because, counsel informed the judge, Beardon could not speak freely in the presence of penitentiary personnel. The judge, without questioning counsel or making any inquiry into the matter, promptly refused the request. Counsel for the defendant excepted to this ruling and reserved a bill. At that time counsel informed the court that there were but three penitentiary personnel involved, one of whom was on duty in the court and the other two spectators, and that it would be highly prejudicial to the defense of the accused not to obtain the testimony of the witness Beardon out of the presence of the penitentiary personnel. Further in support of their request, one of defendant’s attorneys was sworn as a witness to explain the position of the defense with reference to the calling of Bear-don. This attorney testified under oath that the witness Beardon refused to testify in the case because of the presence of penitentiary personnel in the courtroom. Thereupon the district attorney stipulated, and agreed that his stipulation was to form a part of this bill, that one of the defense attorneys had talked to the witness, and that he refused to testify unless the penitentiary personnel were removed from the courtroom.
 

 In their motion for a new trial counsel for defendant strenuously urge, among other things, that the court erred in its ruling denying their request to have the penitentiary personnel removed from the courtroom so that the witness Robert Beardon might be called to testify in defendant’s behalf. They attached to this motion an affidavit of Beardon stating, in effect, that he had refused to testify because he was afraid to testify freely on account of the presence of the penitentiary personnel in the courtroom. This affidavit also avers that Beardon was an inmate of the penitentiary, and that on the night of July 27, only a few hours before the killing, he heard the deceased Green threaten the accused Poindexter, telling Poindexter that he would “straighten him up”, that he would kill him, and that one of them “would die before morning”.
 

 The trial judge in his per curiam tells us that he refused the request of defendant’s counsel to have the penitentiary personnel removed from the courtroom because “such an act by the court would be highly irregular and against custom”. We do not think that the reasons given by the trial judge justify his ruling in law and under the facts of this case. It is our opinion that such a ruling denied to the defendant a fair and impartial trial, in that it denied to him the right to have the jury hear the testimony -of the witness Béardon and to give to it such weight as it, the jury, may have thought proper.
 

 
 *635
 
 It is well settled in the jurisprudence of the United States that a trial judge may, in his discretion, exclude spectators from the courtroom while the testimony of a witness in a criminal case is being taken if such a step appears reasonably necessary to prevent the embarrassment or emotional disturbance of the witness or to enable the witness to testify to facts material to the case. See People v. Jelke, 308 N.Y. 56, 123 N.E.2d 769, 48 A.L.R.2d 1425; Commonwealth v. Principatti, 260 Pa. 587, 104 A. 53; State v. Holm, 67 Wyo. 360, 224 P.2d 500; Hogan v. State, 191 Ark. 437, 86 S.W.2d 931; Moore v. State, 151 Ga. 648, 108 S.E. 47; State v. Damm, 62 S.D. 123, 252 N.W. 7, 104 A.L.R. 430.
 
 [1]
 
 See also Exclusion of Public During Criminal Trial, 48 A.L.R.2d 1436, 1450-1451 (1956).
 

 There is no doubt that the trial judge in the instant case had the power to exclude the penitentiary personnel from the courtroom at the request of defense counsel if in his discretion he considered such a step necessary to secure testimony material to the 'accused’s case. The trial judge in denying the request because the exclusion would be “highly irregular and against custom” does not appear to us to have been exercising the discretion vested in him. He seems to have felt bound by what he says is custom, and not to have realized that he had discretion to exclude spectators if it appeared to him reasonably necessary to do so.
 

 In the instant case it may have been better procedure for counsel for the defendant to have had the witness sworn and let him personally refuse to testify so that he might have been subject to punishment for contempt. However, in view of the admission and stipulation by the State that this witness would not testify while the penitentiary personnel were present in the courtroom, his refusal has to be accepted as a fact by us. Consequently, if he had been sworn while the penitentiary personnel were in the courtroom, the result would have been the same: Defendant would not have had the benefit of his testimony. Therefore the ruling of the trial judge had the effect of depriving the defendant of testimony which was material to his case. We have no way of knowing, of course, what weight the jury would have given to Beardon’s testimony if he had testified; nevertheless defendant had the right to have the jury hear that witness, subject, of course, to the right of the State to cross-examine him.
 

 We say that the evidence was material because according to the witness’
 
 *637
 
 affidavit he would testify to threats made by the deceased against the accused only a few hours before the homicide; that is, he would testify that the deceased told the accused that he would “straighten him up”, that he would kill him, and that one of them “would die before morning”. For this testimony to be admissible under Article 482 of the Code of Criminal Procedure there would have to be evidence of hostile demonstration or overt act by the person slain. In .the instant case the testimony of the defendant Poindexter taken at the coroner’s inquest, offered by both the State and the defense without objection, contains evidence of a hostile demonstration or an overt act by the deceased. Therefore the testimony of which the defendant was deprived by the ruling of the trial judge was clearly admissible and relevant under defendant’s plea of self-defense.
 

 In the instant case the trial judge by making the ruling that he did was evidently of the view that he had no discretion. However, under the facts and circumstances here, the ruling made by him was in our opinion an abuse of the discretion vested in him by law, and the defendant is entitled to a new trial.
 

 On this appeal defendant for reversal of his conviction and sentence relies also on other bills of exception and certain alleged errors which he says are patent on the face of the record. Since we have concluded that he is entitled to a new trial, it is not necessary for us to discuss these bills or alleged errors.
 

 The conviction and sentence are reversed and set aside, and the defendant is granted a new trial.
 

 [1]
 

 . In the majority of these cases the question of whether the judge has discretion to exclude spectators arose when the State made the request, or the court ordered the exclusion on its own motion, and the defendant objected on the ground that such exclusion would deny him a public trial.