447 So.2d 51 (1984)
STATE of Louisiana
v.
David Leo RAYMOND.
No. 83 KA 0999.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Writ Denied April 23, 1984.
Ossie B. Brown, Dist. Atty. by Samera Abide, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, Appellate Co-Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
*52 COVINGTON, Judge.
The defendant, David Leo Raymond was charged by bill of information with the crime of indecent behavior with a juvenile on January 25, 1983, in violation of LSA-R.S. 14:81. He pled not guilty.
Defendant waived trial by jury, was tried by the judge and found guilty as charged. He was given a sentence of five years at hard labor; the court suspended all but 100 days of the sentence to which was credited time served, and placed defendant on active supervised probation for five years with the special conditions that (1) he make no contact whatever with the victim and the family of the victim, (2) he not be convicted for offenses committed during the probationary period; (3) he report to a mental health facility for whatever counseling deemed necessary, at his own expense (to be selected by the Division of Probation and Parole); and (4) he pay court costs in the amount of $93.20. The court also imposed special conditions of probation under LSA-C.Cr.P. 895, that (1) he remain within the jurisdiction of the court; (2) he obtain permission of the Probation Office before changing his address or employment; (3) he maintain full-time employment or occupation; and (4) he report to the Probation Office as directed by the Office. On appeal, defendant assigned fifteen errors for reversal of his conviction; eight are not briefed and are, therefore, considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal.

ASSIGNMENTS OF ERROR
1. The trial court erred when it excluded from the courtroom persons who were relatives of the defendant and who were not witnesses.
2. The trial court erred when it sustained the prosecution's objection that defense counsel's question attacking a witness' credibility was irrelevant.
3. The trial court erred when it overruled defense objection to the court's rulings sustaining prosecution's objection.

* * * * * *
5. The trial court erred when it denied a defense motion for a directed verdict.
6. The trial court erred when it overruled defense objection to the court's ruling denying defense motion for a directed verdict.

* * * * * *
12. The trial court erred when it denied the defense motion for a new trial.
13. The trial court erred when it overruled a defense objection to the court's ruling denying the defense motion for a new trial.

* * * * * *
The assignments fall into two categories, as follows:
1. The trial court erred when it excluded the adult children of the accused's wife from the courtroom.
2. The trial court erred when it denied defense the opportunity to challenge the credibility of prosecution's primary witness.
The victim was a two-year-old child that defendant and his wife were baby-sitting. At the trial, the primary witness for the state was the accused's wife. Defendant asserted his husband-wife privilege as to confidential communications. When advised by the court of her right not to testify against her husband, defendant's wife asserted her privilege, and declined to testify against her husband. A recess was called, during which time the assistant district attorney spoke privately with the witness. When court resumed, the state informed the court that the witness was intimidated by the presence in the courtroom of two of her adult children. The state moved that the children, ages 18 and 20, be excluded from the courtroom. The court, after hearing on the predicate, granted the state's motion to exclude the two children. Defendant gave notice of his intention to seek supervisory writs, and requested a stay of the proceedings. The trial court granted the stay, during which time this Court and the Supreme Court denied defendant's request for writs. The trial resumed, and, after presentation of all evidence, *53 the defendant was found guilty as charged.

ASSIGNMENT OF ERROR NOS. 1, 5, 6, 12 AND 13
Defendant contends that the trial court committed reversible error when it excluded the adult children of defendant's wife from the courtroom while she was testifying, arguing that by this action defendant was denied his constitutional right to a public trial.
In criminal cases, the accused is granted the right to enjoy a public trial. U.S. Const.Amend. 6 and 14; La. Const. Art. 1, sec. 16 (1974). The right to a public trial is not a "limitless imperative"; the right is subject to the trial judge's power to keep order in the courtroom, or to prevent unnecessary pressures or embarrassment to a witness. United States ex rel. Smallwood v. La Valle, 377 F.Supp. 1148 (E.D.N. Y.1974); aff'd 508 F.2d 837 (1974); cert. denied 421 U.S. 920, 95 S.Ct. 1586, 43 L.Ed.2d 788 (1975). A trial judge may, in his sound discretion, exclude spectators from the courtroom while the testimony of a witness in a criminal case is being taken, if such a step is reasonably necessary to prevent embarrassment or emotional disturbance of that witness or to enable that witness to testify to facts material to the case. State v. Poindexter, 231 La. 630, 92 So.2d 390 (1956).
The transcript of testimony taken during trial reveals that, at the hearing on the predicate, the trial judge requested the two adult children of defendant's wife to leave the courtroom. As they were leaving, a threatening remark was made by the witness' son, which the court reporter noted:
REPORTER'S NOTE: A voice in the courtroom audience was heard to say "That's all right you gonna get it."
At the hearing on the predicate, Mrs. Raymond testified that she had asserted her privilege because she did not want to testify about this incident in the presence of her son and daughter; she wanted them to hear about it from her and/or her husband in their own words. At that point, the witness admitted that the adult children were not making any physical disturbance, that it was only their presence that inhibited her testimony. It was stipulated that the two children were not witnesses, only spectators. Defendant's wife testified that they were her children from a previous marriage, had lived with her and defendant since their marriage, and that they loved her husband.
The witnesses and spectators were returned to the courtroom at the close of the hearing. The trial judge admonished the son for his remark, and then announced his decision that the two children would be excluded from the courtroom while their mother testified. When trial was resumed two days later, following the denial of writs, the children were excluded.
The state argues that the exclusion of the two spectators for a limited time during trial does not amount to a denial of a public trial to defendant; and further, that the trial judge was clearly within his discretion when he excluded the children under the existing circumstances.
We agree and note that the state's motion to exclude the witness' children was reinforced when the witness' son did in fact commit a disruptive and threatening act. We find no abuse of discretion on the part of the trial judge in excluding the particular spectators, defendant's wife's adult children, from the courtroom so that Mrs. Raymond might testify without embarrassment or intimidation as to facts material to the case at bar.
There is no merit to these assignments of error.

ASSIGNMENT OF ERROR NOS. 2 AND 3
Defendant next contends that the trial court erred when it refused to allow him to challenge on cross-examination the credibility of the state's primary witness, Mrs. Raymond, who was allegedly an eye-witness to the offense. At the trial, when *54 defense counsel attempted to question Mrs. Raymond about a prior complaint allegedly similar to the one at bar which was lodged against her ex-husband, the state objected on the grounds of irrelevancy. The state's objection was sustained by the court. Defendant argues that in denying to defendant the right to bring out these events, which happened prior to their marriage, defendant was denied the right to reveal the state of mind of the witness, and possible bias.
While evidence of bias in the particular case on trial is admissible, LSA-R.S. 15:492, the bias of a witness which may be shown must be direct or personal against the defendant rather than indirect or general in nature. State v. Lewis, 328 So.2d 75 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 98, 50 L.Ed.2d 98 (1976). Although LSA-R.S. 15:486 grants to each side the right to impeach the testimony and credibility of every witness sworn on behalf of the other side, LSA-R.S. 15:494 provides that it is not competent to impeach a witness as to collateral facts or irrelevant matter. Moreover, the trial judge is vested with sound discretion in ruling on the relevancy of evidence and such ruling will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Chaney, 423 So.2d 1092 (La.1982).
We agree with the trial judge's ruling that the facts sought to be brought out by defense were not relevant to the instant charge and were not personal against defendant. Evidence of prior acts of the witness' ex-husband, who was not in any way involved in the instant case, clearly concerns facts collateral to the issue of this trial, and such testimony is not relevant on the question of whether defendant is in fact guilty of the crime charged. Consequently, the trial court did not err in refusing to admit this testimony for the purpose of showing bias or impeaching the testimony of the state's primary witness.
These assignments of error lack merit.
Finding none of the assignments of error to be meritorious, we affirm the conviction and sentence.

DECREE
For the reasons assigned, the conviction and sentence of defendant, David Leo Raymond, are affirmed.
AFFIRMED.