TAULAGA MASANIAI, Appellant

v.

AMERICAN SAMOA GOVERNMENT, Appellee

High Court of American Samoa
Appellate Division

AP No. 8-87

December 8, 1987

Before KRUSE, Associate Justice, KING*, Acting
Associate Justice, O'SCANNLAIN**, Acting Associate
Justice, and OLO, Associate Judge.

Counsel: For Appellant, Soli Aumoealogo, Public
Defender
For Appellee, James Doherty, Assistant
Attorney General

PER CURIAM:

This is an appeal from the trial court's
decision convicting the appellant of the offenses
of Sodomy and Sexual Abuse, in violation of
A.S.C.A. §§ 46.3611 and 46.3615 respectively.

The appellant presents the following for
appellate review: (1) whether the trial court
violated the defendant's right to a public trial by
hearing the complainant witness' testimony in
camera; (2) whether the government had adduced
sufficient evidence to sustain the conviction of
defendant; and (3) whether the terms of probation
imposed by the Court upon the defendant were
violative of A.S.C.A. § 46.2201 et. seq.

Public Trial

---

* Honorable Samuel P. King, Senior Judge,
United States District Court for the District of
Hawaii, serving by designation of the Secretary of
the Interior.

** Honorable Diarmuid F. O'Scannlain, Judge,
United States Court of Appeals for the Ninth
Circuit, serving by designation of the Secretary of
the Interior.

Appellant concedes that, while he is secured the fundamental right to public trial, this right is not an absolute one. Appellant admits as settled law that the trial court has inherent power to exclude the public "when there is an overriding interest or existence of special or exceptional circumstances." It is argued that the trial court was without "genuine" reason to conclude that there was an overriding interest or special and exceptional circumstances to justify the exclusion of the public, as well as defendant's family members, while hearing the testimony of complainant.

We disagree. Firstly, the applicable review standard in determining whether the record sufficiently supports the trial judge's exclusion of spectators from the courtroom is whether there has been an abuse of discretion. United States v. Eisner, 533 F.2d 987 (6th Cir. 1976), cert. denied 429 U.S. 919. Further it is inveterate law that a trial judge may, in the exercise of his discretion, exclude some or all of the spectators from the courtroom while the testimony of a particular witness is being taken where it appears necessary to protect or shield the witness; to prevent embarrassment or emotional disturbance; or to enable the witness, who is otherwise reluctant in public, to testify to the facts that are material in the case. State v. Poindexter, 92 So.2d 390 (La. 1956); Kirstowsky v. Superior Court in and for Sonoma County, 300 P.2d 163 (Cal. App. 1956).

Examination of the record reveals that the trial judge carefully undertook a public hearing in accordance with the holding in Globe Newspaper Co. v. Superior Court, 457 U.S 596 (1982), seeking of every spectator who wished to remain in the courtroom his or her reasons for wanting to stay. Family members related to both the defendant and the complainant were the only people who requested to be present during the complainant's testimony. The Court accorded each of these people the opportunity to be heard on the question of their exclusion, as well as hearing from the complainant to determine whether she needed shielding and protection. On the evidence taken, the trial judge articulated findings which, in the lower court's view, sustained a closed hearing. The Court found that the immediate relatives clearly hoped to intimidate and influence the complainant. Exclusion of these relatives was therefore

116

necessary from the complainant's point of view, as well as in the interests of enhancing the possibility of her testifying truthfully. The distant relatives who were excluded testified that they were curious as to what went on. The Court found this factor to be outweighed by the interest of the victim in not becoming an object of salacious curiosity. See Globe Newspaper Co., supra, 457 U.S. at 607-08. With the victim's age, and the nature of the charges, the Court was also concerned with protecting her psychological well-being.

We find sufficient grounds articulated on the record to warrant a finding below to exclude spectators during the testimony of complainant and that there was no abuse of discretion on the part of the trial judge. Indeed, the compromise of the defendant's rights (as well as the public's first amendment right to be present in the courtroom) was limited to the taking of complainant's testimony. The hearing thereafter was reopened to the public.

## Sufficiency of Evidence

We note at the outset the applicable standard for review as provided in A.S.C.A. § 46.2403(b). That is, findings of fact may not be set aside by the appellate division unless clearly erroneous.

Appellant excepts to his conviction for the offense of sodomy in the following manner. He contends that the offense is comprised of four elements: (1) deviate sexual intercourse; (2) with another person to whom he is not married; (3) without that person's consent; (4) by using forcible compulsion.

Appellant concedes proof of elements one and two but objects to the sufficiency of proof of elements three and four.

The first observation to be made of appellant's argument is that elements three and four are disjunctive, whereby proof of element three obviates the need for proof of four and vice-versa.

Contrary to appellant's claims, a conclusion by the trial court that complainant did not consent to the deviate sexual intercourse is clearly substantiated on the record. A.S.C.A. §

117

46.3111(4)(c) provides that consent or lack of consent may be expressed or implied, but that: "[a]ssent does not constitute consent if: it is induced by force, duress or deception . . . ." There was testimony relating to a history of vaginal checks imposed by the defendant upon the complainant. She had succumbed to these checks for fear of being beaten, as had happened before. The incident which gave rise to the criminal charges was subsequent to a violent beating of the complainant by the defendant the afternoon beforehand, because complainant had remained after school for a volleyball game. She was subjected to a vaginal check the following morning after the rest of the household (except for a year-old baby) had left. Defendant was insistent on checking the complainant's virginity. When complainant was reluctant to allow the defendant access, the defendant "yanked her legs apart" by "pushing both knees aside."

The background of checks by her father, enforced at times by beatings, together with his insistence on checking her virginity after remaining late at school and after being severely punished therefor, were all circumstances sufficient for the trial court to find the absence of consent.

Appellant further complains of insufficient showing as to all the elements of the offense of Sexual Abuse. The offense includes the element of "sexual contact," which requires a touching "for the purpose of arousing or gratifying sexual desire of any person." See A.S.C.A. § 46.3601(b). It is this element which appellant claims was not proven by the prosecution beyond a reasonable doubt.

We disagree. The record was again sufficient to sustain an inference of arousal or gratification of sexual desire, beyond the claims of clinical checking for virginity. Defendant took several minutes with his exercise, which first involved massaging of the pubic area and thighs. There was further massaging utilizing baby oil prior to defendant's internal checking. Subsequent to his internal check, defendant continued with massaging as before.

The government's case in chief thus provided adequate evidence to withstand a motion for acquittal, while the record at the close of.

118

evidence also substantially supported the conclusions of guilt.

We accordingly affirm the convictions entered below.

### Probation

Appellant upon conviction was sentenced to a term of five years probation for each count. Pursuant to A.S.C.A. § 46.2206, and as a condition of probation, the Court required the defendant to serve a period of detention of one year on each count, with the terms of detention to be served "consecutively."

Appellant takes issue with the imposition of consecutive periods of detention, citing A.S.C.A. § 46.2207. This enactment provides, inter alia, that: "Multiple terms of probation, whether imposed at the same time or at different times, shall run concurrently." The argument therefore is to the effect that detention as a condition of probation must also be concurrent. We agree. The government maintains that the probationary condition of detention can be imposed "consecutively, concurrently, or at whatever time intervals the court shall designate". The government points to A.S.C.A. § 46.2206 as authorizing consecutive detention periods. The enactment provides in part:

> Except in infraction cases, when probation is granted, the court, in addition to conditions imposed under 46.2205, may require as a condition of probation that the defendant submit to a period of detention in an appropriate institution at whatever time or intervals within the period of probation, consecutive or nonconsecutive, the court shall designate.
>
> (1) In misdemeanor cases, the period of detention under this section may not exceed 15 days.
>
> (2) In felony cases, the period of detention under this section may not exceed one year.

We are unable to read this enactment in the manner viewed by the government. Firstly, the provision does not address multiple terms of

119

probation. Rather, its context concerns a singular probationary instance, and permits as a condition of probation a term of detention. It is a "split sentencing" provision and allows the sentencing judge flexibility in structuring a period of detention as a condition of probation. The enactment permits the Court to impose the commencement of detention at any point of time within the period of probation, and alternatively permits detention to be undertaken at "intervals" within the period of probation. The enactment thus implies that the Court may break down or subdivide the total detention period into lesser periods which may be served at such intervals as the Court may designate. Those "intervals" may be "consecutive" or "non-consecutive," thus allowing the Court the flexibility of structuring any pattern of time periods. On the one hand, detention may be ordered to be served all at one stretch, while on the other, it might also be required to be served in intermittent stages within the overall probation term. The "aggregate" period of detention for a felony conviction however, is restricted by subsection (2) to a period not exceeding one year.

Reliance, therefore, by the government on § 46.2206 to sustain the imposition of consecutive detention terms as conditions of probation is hardly tenable. Given the mandate of A.S.C.A. § 46.2207, which specifically addresses multiple terms of probation, and which requires that such terms "shall" run concurrently, it is the opinion of the Court that the respective conditions imposed with multiple probationary terms must also be served concurrently.

It is apparent from the reasoning of the trial court that since the language of § 46.2206 permits the Court to impose a period of detention "at what ever time . . . within the period of probation," detention periods in a multiple term situation could thus in fact be staggered in commencement date (albeit consecutive in effect), so long as those detention periods accumulate within the overall five-year probation maximum for felonies.

While the language of § 46.2206 may appear to lend itself to such a possible reading, in our opinion such a result was not intended by, and would be repugnant to the spirit of, the Probation Act. If it had intended to permit consecutive

120

periods of detention as conditions of multiple terms of probation, the legislature could have been more explicit, given the specific proscription of § 46.2207 that multiple terms of probation shall run concurrently, as well as the limits, to the term of probation so as not to exceed five years and the condition of detention so as not to exceed one year, in the case of a felony. See §§ 46.2204 and 46.2206 respectively.

The basic premise, or underlying policy, of the Probation Act may be seen in § 46.2203, which directs the sentencing court's attention to the probation option in circumstances where:

(1) institutional confinement of the defendant is not necessary for the protection of the public; and

(2) the defendant is in need of guidance, training, or other assistance which in his case can be effectively administered through probation supervision.

Probationary concerns, therefore, are antithetical to "institutional confinement," and while the legislature has deemed confinement as a suitable "guidance, training, or other assistance" factor to be taken into account, and imposed as part of probation, the one-year limit to the period of detention must be taken as the decisive dividing line between what is probationary and what is penal in nature and in the interests of public protection. To allow, therefore, consecutive detention terms, especially when the aggregate duration of those terms exceeds one year, is to undermine that legislatively determined dividing line.[1]

In People v. Tedford, 445 N.E.2d 841 (Ill. App. 1983), an Illinois court faced with a similar probation act, prescribing that multiple terms of probation shall run concurrently, reasoned as follows:

---

[1] In 1983, this dividing point was amended by the Legislature from six months to a period not exceeding one year. See P.L. 18-16 § 1.

> There is a logical inconsistency to the argument that the terms of probation must be served concurrently and the conditions of probation may be served consecutively. . . . While the statute requires that multiple sentences of probation be served concurrently it follows naturally and logically that the conditions of those multiple sentences of probation be served concurrently as well . . . . Therefore the jail term conditions of probation should be modified to run concurrently.

Id. at 843.

The court felt that a ruling to the contrary would subject the defendant to probationary detention in excess of statutory limits; it also noted that the basic theory of probation is the opportunity of rehabilitation without incarceration. Similarly, federal experience embodies the same reasoning. Under 18 U.S.C. § 3651, Congress has provided a six-month limitation on detention periods conditional to probation. It has been held, given that multiple terms of probation are required to run concurrently, that this limitation does not permit the imposition of consecutive periods of detention. United States v. Rice, 645 F.2d 691 (9th Cir. 1981), cert. denied 454 U.S. 862 (1982).

### Conclusion

Accordingly on the above we affirm the convictions entered below, but vacate and modify sentence so that the terms of detention imposed as conditions of probation shall run concurrently and not consecutively.