470 So.2d 621 (1985)
STATE of Louisiana
v.
David ATLEY.
No. KA 84 1405.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*622 Ossie Brown, Dist. Atty. by Don Wall, Baton Rouge, for plaintiff-appellee.
Clarence T. Nalls, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issues in this appeal are whether or not defendant established a basis to permit the withdrawal of his guilty pleas and whether or not the sentences imposed upon him were excessive.
Defendant, David Atley, was charged by bill of information with aggravated burglary and attempted aggravated rape, violations of La.R.S. 14:60, 14:27 and 14:42 respectively. He pled guilty to both charges, but prior to sentencing filed a motion to withdraw his guilty pleas. Following an evidentiary hearing this motion was denied. Defendant was then sentenced to fifteen years at hard labor on each conviction, to be served consecutively. On appeal defendant contends the trial court erred in refusing to permit the withdrawal of his guilty pleas and in imposing excessive sentences.
The convictions arose from an incident in 1982 during which defendant approached the victim from behind as she opened the door of her apartment, forced his way in, beat her with his fists, tore her clothes off, and then attempted to rape her. Defendant was apprehended in the victim's apartment by police officers summoned to the scene by the victim's roommate. Defendant later gave a statement to police admitting to his actions.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these assignments defendant contends the trial court erred in denying his motion to withdraw his guilty pleas. He maintains he pled guilty only because his court appointed counsel led him to believe he would receive a probated sentence. In addition, defendant argues there is a complete lack of evidence he committed the offenses.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.Code Crim.P. art. 559. The trial court's decision is discretionary, subject to reversal only if its discretion is abused or exercised arbitrarily. State v. Johnson, 461 So.2d 1259 (La.App. 1st Cir. 1984). Defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than he anticipated. State v. Deakle, 372 So.2d 1221 (La.1979). It is not unreasonable for a trial court to deny defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers the sentence to be imposed is not to his liking. Id. However, if a plea rests in any significant degree on an agreement or promise by the prosecutor so that it can be viewed as part of the inducement or consideration for the plea, such promise must be fulfilled, or defendant given an opportunity to withdraw the plea. State v. Bosworth, 415 So.2d 912 (La.1982), on rehearing; State v. Lockwood, 399 So.2d 190 (La.1981).
There is absolutely no evidence defendant pled guilty on the basis of an actual plea bargain with the state or a justifiable belief such a bargain existed. At the evidentiary hearing, defendant testified he did not recall anyone offering a plea bargain or leniency to him. He further testified *623 he had assumed he would receive probation, but did not recall if his court appointed counsel had told him he would receive a probated sentence. Defendant admitted neither the district attorney nor the trial judge told him he would receive a probated sentence.
From an examination of the evidence, we believe defendant's decision to plead guilty was clearly his own. A conscientious effort was made by the trial court to explain the serious consequences of a guilty plea to defendant and to determine whether his pleas were knowingly and voluntarily given.
Furthermore, a reasonable basis existed for accepting defendant's guilty pleas. Defendant was apprehended in the victim's apartment. At that time the victim was clothed only in a shirt and had scratches and welts on her face. In addition, at the evidentiary hearing on his motion, defendant was unable to explain his presence in the victim's apartment and acknowledged he had previously made a statement to police admitting the substance of the charges.
For the above reasons, we find no abuse of discretion in the trial court's denial of defendant's motion to withdraw his guilty pleas. These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the two sentences imposed upon him are excessive by virtue of the fact they were made consecutive rather than concurrent. Concurrent rather than consecutive sentences are the general rule for multiple convictions arising out of a single course of criminal conduct, at least for a defendant without a previous criminal record. La.Code Crim.P. art. 883; State v. Underwood, 353 So.2d 1013 (La.1977). However, even if convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). Other factors must be taken into consideration in making this determination. For instance, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public. State v. Jett, 419 So.2d 844 (La.1982).
In the instant case, defendant engaged in a senseless act of random violence. Defendant was totally unknown to his victim and his brutal attack upon her was not provoked in any manner. He violently beat the victim about the head and face, causing welts and scratches. The attack was halted only by the arrival of the police. Accordingly, despite the fact defendant has no previous criminal record, the nature of these offenses, the senseless violence displayed by defendant and his apparent lack of remorse indicate dangerous propensities on his part which pose a risk to public safety. See State v. Jett, supra. Under these circumstances, the consecutive nature of the sentences imposed do not render these sentences excessive, particularly since defendant faced a potential sentence of fifty years on the attempted aggravated rape conviction alone. This assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.