STATE OF LOUISIANA
v.
GLENN MICHAEL BRUNET
2008 KA 1670.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
HON. JOSEPH WAITZ, District Attorney, CARLOS LAZARUS, ELLEN DAIGLE DOSKEY, Assistant District Attorneys, Houma, LA, Attorneys for State of Louisiana.
BERTHA M. HILLMAN, Thibodaux, LA, Attorney for Defendant-Appellant, Glenn Michael Brunet.
Before: PETTIGREW, McDONALD and HUGHES, JJ.
PETTI GREW, J.
The defendant, Glenn Brunet, was charged by bill of information with eleven counts of felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80. He initially pled not guilty. The defendant filed a motion in limine seeking to prevent the State from using evidence of other crimes pursuant to La. Code Evid. art. 412.2. The trial court denied the motion. Following a trial by jury, the defendant was convicted as charged on counts one, three, ten, and eleven. The incidents connected with these counts occurred on January 20, 2006, February 10, 2006, April 25, 2006, and May 8, 2006, respectively. The defendant was acquitted of all remaining counts. The defendant moved for post verdict judgment of acquittal and for a new trial. The trial court denied both motions. The defendant was sentenced to imprisonment at hard labor for five years on count one. He also received five years at hard labor on count eleven. The court ordered that these sentences be served consecutively. On counts three and ten, the trial court sentenced the defendant to imprisonment at hard labor for five years each. These sentences were ordered to run concurrently with each other and concurrently with the consecutive sentences imposed on counts one and eleven. The defendant moved for reconsideration of the sentences. The trial court denied the motion. The defendant now appeals, urging the following assignments of error:
1. There was insufficient evidence to support the convictions.
2. The trial court erred in denying the defendant's motion to omit evidence of other crimes pursuant to La. Code Evid. art. 412.2.
3. The trial court erred in denying the defendant's motion to reconsider sentence. Finding no merit in the assigned errors, we affirm the defendant's convictions and sentences.

FACTS
This case involves a sexual relationship between a school official and a sixteen-year-old student. The defendant, a Terrebonne Parish Sheriffs Deputy, was employed as a resource officer at South Terrebonne High School. As part of his job, the defendant provided counseling services for students, teachers, parents, and school administrators. In 2005, the victim, sixteen-year-old B.S.[1], a student at South Terrebonne High, sought counseling from the defendant in connection with trouble she was experiencing in her family. According to B.S., she developed a student/counselor relationship with the defendant that eventually evolved into a sexual relationship. B.S. and the defendant started having oral sex in late October or early November 2005. The first instance of vaginal sexual intercourse occurred in the school auditorium on January 20, 2006, after a basketball game. B.S. kept a record of this and subsequent sexual encounters on her personal calendar. According to B.S., she and the defendant engaged in vaginal, anal, and oral sex, both on and off of the school campus, on numerous other occasions. At the conclusion of each sexual episode, the defendant ejaculated in B.S.'s mouth.
The sexual relationship between B.S. and the defendant lasted several months. The relationship eventually was revealed in June 2006, by B.S.'s friend, Crystal Rials. Rials had traveled to Pensacola, Florida, with B.S. and her stepsister, Sugeide Rios. When B.S. and Rios extended the vacation and refused to return home in time for Rials to make a scheduled court appearance, Rials contacted her mother and advised that she had been kidnapped by B.S. and Rios. Rials's mother reported the matter to the Lafourche Parish Sheriffs Office. Upon returning to Thibodaux, Rials, Rios, and B.S. were questioned by authorities. Rials reported that B.S. and the defendant had been involved in a sexual relationship and that the two had been together during the trip to Florida. When questioned, B.S. initially denied having sexual intercourse with the defendant. Later, however, she admitted sexual contact with the defendant on only four occasions. In a second statement to the police, B.S. described several additional sexual episodes with the defendant.

ASSIGNMENT OF ERROR 1
In his first assignment of error, the defendant challenges the sufficiency of the State's evidence in support of each of the convictions. Specifically, he contends, the evidence presented at the trial, which consisted largely of the victim's testimony, was nothing more than the sexual fantasies of a troubled teenager who he claims was infatuated with a coach and/or teacher. He claims B.S.'s testimony was not credible; and thus, it is insufficient to sustain the convictions in question.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See La. Code Crim. P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La. App. 1 Cir. 1984). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 LEd.2d 560 (1979), standard of review incorporated in Louisiana Code of Criminal Procedure article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. Nevers, 621 So.2d 1108, 1116 (La. App. 1 Cir.), writ denied. 617 So.2d 906 (La. 1993); State v. McLean, 525 So.2d 1251, 1255 (La. App. 1st Cir.), writ denied, 532 So.2d 130 (La. 1988).
According to La. R.S. 14:80(A)(1), felony carnal knowledge of a juvenile is committed when:
(1) A person who is nineteen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender; .. .
The statute further defines the crime, as follows:
B. As used in this Section, "sexual intercourse" means anal, oral, or vaginal sexual intercourse.
C. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary, and penetration, however slight, is sufficient to complete the crime.
In support of his claim that the evidence presented at trial was insufficient to support the convictions, the defendant challenges B.S.'s credibility and, separately, attacks her account of each of the alleged sexual incidents for which he was convicted. Initially, we note that the defendant's entire sufficiency argument appears to be nothing more than an attack on B.S.'s credibility. With each of the separate sections of his brief, the defendant urges this court to overturn the credibility determination of the jury in this case. He argues that B.S. is a troubled teen with a history of lying.
It is well settled that when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Woods, 2000-2147, p. 5 (La. App. 1 Cir. 5/11/01), 787 So.2d 1083, 1088, writ denied, 2001-2389 (La. 6/14/02), 817 So.2d 1153. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. See State v. Johnson, 99-0385, p. 9 (La. App. 1 Cir. 11/5/99), 745 So.2d 217, 223, writ denied, XXXX-XXXX (La. 11/13/00), 774 So.2d 971. This court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Marshall, 99-2884, p. 5 (La. App. 1. Cir. 11/8/00), 808 So.2d 376, 380. We are constitutionally precluded from acting as a "thirteenth juror" in assessing what weight to give evidence in criminal cases. See State v. Mitchell, 99-3342, p. 8 (La. 10/17/00), 772 So.2d 78, 83.
At the trial of this matter, B.S. testified, describing in detail the relationship she shared with the defendant. She explained that she initially met the defendant at a friend's fishing camp when she was only fourteen years old. Later, when B.S. was in eleventh grade, she sought the assistance of the defendant, the school resource officer. She explained that she was going through a tough time with her family and needed counseling. The defendant served as somewhat of a mentor to B.S.

January 20, 2006 (count 1)
B.S. testified that her physical/sexual relationship with the defendant started with oral sex. She further testified that she and the defendant began having what she considered to be sexual intercourse on January 20, 2006. She did not consider the oral sex to be "intercourse". B.S. explained that on January 20, 2006, the defendant instructed her to meet him after the school basketball game. She complied. The defendant directed B.S. to a dressing room in the school auditorium where they engaged in vaginal intercourse. According to B.S., the defendant brought along to this encounter an envelope containing condoms, KY lubricant, and baby wipes. As corroboration for this testimony, the State introduced an envelope containing the aforementioned items that was seized from the defendant's vehicle when he was arrested. B.S. identified the envelope as the one the defendant possessed during the encounter. The State also introduced B.S.'s personal calendar wherein she marked the date of this encounter with a star.
In his efforts to attack B.S.'s account of this incident, the defendant notes that defense witness, James Carpenter, testified that he was personally responsible for the presence of the KY lubricant and baby wipes in the envelope. Carpenter claimed he placed the additional items in the envelope, which initially only contained condoms, in June 2006. He explained that the defendant had given the envelope to him when he asked the defendant for condoms. Carpenter claimed he later returned the envelope to the defendant with the condoms, KY lubricant, and wipes. Based upon this testimony, the defendant claims it is clear that B.S.'s testimony claiming that these items were inside the envelope in January was not truthful.

February 10, 2006(count 3)
B.S. testified that the third time she and the defendant had sexual intercourse was on February 10, 2006. According to B.S., this vaginal sexual encounter also occurred in the dressing room in the school auditorium, B.S. verified her recollection of this date by referring again to her personal calendar. The space for this date contained a star and a numeral 3. B.S. explained that she used a combination of stars and numbers on her calendar to record her sexual episodes with the defendant. To attack this testimony the defendant merely notes that no other testimony or evidence was offered to corroborate B.S.'s testimony regarding this incident.

April 25, 2006 (count 10)
B.S. testified that on this date she accompanied the defendant to a residence on Tigerlily Drive. The defendant was to perform some concrete work at this residence and B.S. was to assist. According to B.S., she and the defendant had sexual intercourse at the Tigerlily worksite. She explained that she straddled the defendant as he sat on the bathtub in the residence, which was still under construction. B.S. explained that the intercourse concluded with the defendant ejaculating in her mouth.

May 8, 2006 (count 11)
B.S. testified that on May 8, 2006, the defendant's birthday, she and the defendant had sexual intercourse on the roof of the school after an awards banquet. She testified that the defendant contacted her while the ceremony was in progress and requested that she come to the school. Once the ceremony was over, the defendant directed B.S. to the roof of the school. The defendant used a bucket to hold the door to the roof open. According to B.S., she and the defendant engaged in sexual intercourse for approximately 25 to 30 minutes.
B.S.'s testimony regarding this event was corroborated by State's witness, Coach Rusty Price. Coach Price testified that on the night in question he personally observed the defendant and a female (matching the description of B.S.) in the school hallway after the award ceremony. Photographs of the rooftop and a bucket found there were introduced into evidence to further substantiate B.S.'s testimony. The State also introduced phone records reflecting that the defendant did, in fact, call B.S. on this date.
The defendant testified at trial on his own behalf. He denied ever having a sexual relationship with B.S. As an explanation for why B.S. had his cellular telephone number, the defendant stated that one evening after a school game B.S. approached him and expressed concern regarding the individual she rode to the game with. He claimed B.S. told him she did not want to ride home with the individual because he was trying to make her "do things she did not want to do." The defendant claimed he gave B.S. his business card, which included his cellular telephone number, and told her to call him if she did not find a ride home. Later, the defendant gave B.S. a ride to her grandmother's house.
The defendant denied any sexual relationship with B.S. He admitted that she did call him often because she constantly had turmoil in her life. Regarding the May 8, 2006 incident, the defendant testified that B.S. approached him after the awards ceremony and told him that she left her jacket in one of the classrooms. He accompanied B.S. to the classroom, passing by Coach Rusty Price's room. The defendant claimed he spoke briefly with Coach Price. The defendant denied ever going onto the rooftop with B.S.
In the instant case, the jury was free to believe the testimony of the victim that she and defendant had sexual intercourse on several occasions, including the dates in question. The jury was also free to reject the victim's testimony and believe that of the defendant (denying any sexual relationship) and his witnesses (calling B.S.'s credibility into question). Faced with such conflicting testimony, the jury was required to make a credibility determination. It is well settled that the testimony of the victim, if believed, is sufficient to establish the elements of the offense. State v. Polkey, 529 So.2d 474, 476 (La. App. 1 Cir. 1988), writ denied, 536 So.2d 1233 (La. 1989). The guilty verdicts on these four counts indicate the jury found the victim's account of these particular incidents credible. This credibility determination will not be disturbed on appeal. As previously noted, the question of the credibility of the witnesses is within the sound discretion of the trier of fact and will not be re-weighed on appeal. State v. Creel, 540 So.2d 511, 514 (La. App. 1 Cir.), writ denied, 546 So.2d 169 (La. 1989). Furthermore, contrary to the defendant's assertions, the State presented ample evidence to corroborate B.S.'s account of the events on the aforementioned dates.
Accordingly, we find that the evidence is sufficient for a rational trier of fact to conclude, beyond a reasonable doubt, that the defendant committed the crime of carnal knowledge of a juvenile on each of the four occasions in question. This assignment of error is without merit.

ASSIGNMENT OF ERROR #2
In his second assignment of error, the defendant contends the trial court erred in allowing the State to introduce evidence of other crimes and/or bad acts at his trial. The defendant asserts that the evidence of alleged sexual incidents from other jurisdictions should not have been allowed because the evidence was unreliable and highly prejudicial. Any probative value of the evidence, he asserts, was clearly outweighed by the danger of unfair prejudice under La. Code Evid. art. 403.
Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. State v. Hills, 99-1750, p. 5 (La. 5/16/00), 761 So.2d 516, 520. However, La. Code Evid. art. 412.2 provides, in pertinent part:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on the matter to which it is relevant subject to the balancing test provided in Article 403.
Louisiana Code of Evidence article 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
Ultimately, questions regarding the admissibility of evidence are within the discretion of the trial court and should not be disturbed absent a clear abuse of that discretion. See State v. Mosby, 595 So.2d 1135, 1139 (La. 1992).
Prior to trial, the State requested permission to introduce evidence, pursuant to Article 412.2, of two alleged sexual encounters between the defendant and B.S. occurring in Lafourche Parish and Pensacola, Florida. In response, the defendant filed a Motion in Limine seeking to prohibit the introduction of such evidence. The trial court ruled that the evidence was admissible and would be permitted at the trial. The court concluded that the evidence of those other sexual episodes between the defendant and B.S. formed an integral part "of the relationship that was ongoing between the defendant and the victim." The court specifically found that the probative value of the evidence outweighed the danger of any unfair prejudice. The defense objected to the court's ruling.
We find no error or abuse of discretion in the trial courts ruling on the other crimes evidence motion. Under Article 412.2, because the defendant was charged with a sexual offense against a sixteen-year old victim, the evidence of his commission of the other sexual acts was admissible. As the trial court correctly noted, the incidents described at the hearing and later at the trial, formed an integral part of the sexual relationship that existed between the defendant and B.S. Thus, the probative value of the evidence was great. It was not outweighed by the danger of unfair prejudice under Article 403. The trial court was correct in allowing the evidence to be introduced. This assignment of error lacks merit.

ASSIGNMENT OF ERROR #3
In his final assignment of error, the defendant asserts that the trial court erred in denying his motion to reconsider the sentences. Specifically, he urges that the record in this case does not support the imposition of consecutive rather than concurrent sentences. He argues that there is no justification for the consecutive sentences imposed since he had no criminal history, the offenses were not the gravest or most dangerous, the offenses were not vicious, there was no evidence that he is an unusual risk of danger to the public, the relationship with the victim was an isolated incident, and he did not benefit from a plea bargain.
A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lobato, 603 So.2d 739, 751 (La. 1992). However, even a sentence within statutory limits may nonetheless violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La. 1985); State v. Lanieu, 98-1260, p. 12 (La. App. 1 Cir. 4/1/99), 734 So.2d 89, 97, writ dented, 99-1259 (La. 10/8/99), 750 So.2d 962.
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. La. Code Crim. P. art. 894.1. The trial court need not cite the entire checklist of article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La. App. 1 Cir.), writ denied, 565 So.2d 942 (La. 1990). The trial court's reasons for imposing sentence, as required by La. Code Crim. P. art. 894.1, are an important aid when reviewing a sentence alleged to be excessive. State v. McKnight, 98-1790, p. 25 (La. App. 1 Cir. 6/25/99), 739 So.2d 343, 359, writ denied, 99-2226 (La. 2/25/00), 755 So.2d 247.
The imposition of consecutive sentences is governed by La. Code Crim. P. art. 883, which provides, in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
This article specifically excludes from its scope sentences that the court expressly directs to be served consecutively. State v. Rogers, 95-1485, p. 11 (La. App. 1 Cir. 9/27/96), 681 So.2d 994, 1000, writs denied, 96-2609, 96-2626 (La. 5/1/97), 693 So.2d 749. Thus, it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Rollins, 32,686, p. 13 (La. App. 2 Cir. 12/22/99), 749 So.2d 890, 899, writ denied, XXXX-XXXX (La. 9/15/00), 768 So.2d 1278. The imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. State v. Johnson, 99-0385 at p. 7, 745 So.2d at 221. However, even if the convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive if the trial court considers other factors when imposing sentence. State v. Ferguson, 540 So.2d 1116, 1123 (La. App. 1 Cir. 1989). Some of those factors include defendant's criminal history, the dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, the potential for defendant's rehabilitation, and trie danger posed by the defendant to the public safety. State v. Parker, 503 So.2d 643, 646 (La. App. 4 Cir. 1987). Additional factors that may serve as justification for consecutive sentences include multiplicity of acts, lack of remorse, and risk to the public safety. State v. Lewis, 430 So.2d 1286, 1290 (La. App. 1 Cir.), writ denied, 435 So.2d 433 (La. 1983).
A conviction for felony grade carnal knowledge of a juvenile exposes a defendant to a potential penalty of a fine of not more than five thousand dollars, or imprisonment, with or without hard labor, for not more than ten years, or both. See La. R. S. 14:80(D). As previously noted, the defendant herein was sentenced to imprisonment for five years at hard labor for each of the convictions. On appeal, the defendant does not contest either individual sentence as excessive. Instead, the defendant's argument on excessiveness focuses solely on the consecutive, rather than concurrent, nature of these sentences.
Prior to imposing sentence in this case, the trial court reviewed the facts and circumstances of the offenses. As justification for the sentences, the court specifically noted, among other things, that a thirty year age difference existed between the defendant and the victim. The court further noted that the defendant used his position and/or status to facilitate the commission of the offenses. The defendant was a law enforcement officer, and he held a position of trust at South Terrebonne High School. Through his job, the defendant was made aware of the victim's past, her familial situation, and other circumstances that made her particularly vulnerable. The court specifically noted that the defendant abused his position of trust and authority in taking advantage of the young victim.
We have reviewed the sentences imposed herein, and considering the nature of the offenses and the circumstances of this case, we find no abuse of the trial court's broad sentencing discretion. Contrary to the defendant's claim that sufficient justification is lacking, our review of the record reveals that the consecutive sentences are adequately justified.
As the trial court properly reasoned, the defendant abused the position of trust and authority without any regard to the lifelong harm that his actions would cause the victim. He committed these socially repulsive acts of sexual abuse upon the minor victim repeatedly, over an extended period of time, and has not yet taken responsibility for his actions. The multiplicity of the acts and the serious nature of the offenses provide sufficient justification for the imposition of consecutive sentences. Therefore, based upon the circumstances of the offenses and the permanent effect that the sexual abuse will undoubtedly have on the victim, we find no error or abuse of discretion in the trial court's imposition of the sentences in this case. The consecutive sentences are not shocking to the sense of justice, nor are they needless infliction of pain and suffering. The sentences are not constitutionally excessive and are adequately supported by the record. The trial court did not err in denying the motion to reconsider sentence.
This assignment of error lacks merit.
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] In accordance with La. R.S. 46:1844), the victim herein is referenced only by her initials.