260 So.2d 625

**STATE of Louisiana**

**v.**

**Billy Wayne MATHIS.**

**No. 52137.**

April 13, 1972.

Samuel H. Collins, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Billy Wayne Mathis, appeals his conviction of armed robbery, La. R.S. 14:64. He was sentenced to serve twenty (20) years in the Louisiana Penitentiary. On appeal, the defendant relies on six bills of exceptions reserved and perfected during his trial.

Bills of exceptions numbers one and two pertain to two separate motions to suppress, one based on the identification of the defendant, the second based on certain evidence in the hands of the state. We find no merit in either of these bills. After being lawfully detained, the defendant, when asked for identification, took out a wallet containing several different identification cards.

Among the cards in the defendant's wallet were a social security card and driver's license with a different picture. These two cards bore the name Robert Guy. The officers checked the name Robert Guy and, after discovering he was a New Orleans resident, they found that Robert Guy had been the victim of an earlier armed robbery. The description that Robert Guy gave the officers of his wallet fit the description of the wallet that they had removed from the defendant at the time of his arrest. When the officers questioned Mr. Guy, they did not tell him that they had his wallet nor did they have a photograph of the defendant with them. Subsequently, the police officers had Polaroid photos taken of the defendant and five other people. These were brought to

Mr. Guy, who upon reaching the picture of the defendant, Billy Wayne Mathis, made a positive identification. Mr. Guy testified on the motion to suppress the identification that no one suggested to him that the pictures shown to him contained a picture of a suspect in the case nor did anyone suggest to him which picture he should select or identify at that time. The identification of the defendant was proper; none of the defendant's constitutional rights were violated in any way.

■ For the same reasons, the evidence obtained at the time of the initial arrest is not the result of an unconstitutional search. When the police officers approached the defendant he dropped a red object which later turned out to be a large red-handled banana knife. Subsequently, when asked for identification, he took out a wallet, and in it the officers found the social security card, driver's license and other effects belonging to Robert Guy. Later, after obtaining a description from Mr. Guy, it was discovered that the wallet in the defendant's possession belonged to Mr. Guy. None of these pieces of evidence was obtained in an unconstitutional manner. Therefore, motion to suppress was correctly denied. La.C.Cr.P. art. 703.

■ Bills of exceptions numbers three, four and five are all based on introduction of evidence by the State. The defense objected to S–1, a knife, and S–2, a wallet, on the grounds that they were not connected to the particular offense before the court, that they were immaterial and that they were not properly connected with other evidence. S–1, the red-handled knife, was secured from the defendant at the time of his arrest. The victim, Mr. Guy, informed the police that he was robbed by an assailant who stuck a red object in his side. The knife is therefore relevant to the charge against the defendant. La.R.S. 15:441 et seq.

■ S–2, the wallet taken from the defendant on arrest, was subsequently found to be the wallet belonging to the victim, Mr. Guy, the same wallet having been taken from him during the robbery. This piece of evidence is also clearly relevant. La.R.S. 15:441 et seq.

■ The next state's exhibits objected to by counsel for the defense are S–3 through S–8, Polaroid pictures of several people, including the defendant, which were used by the authorities in the identification process. Counsel for the defense contends that these pictures were suggestive and depicted the defendant in a manner to make him stand out among the other photos. He also contends that the pictures should have been shown to the victim without the markings on the back to suggest that the defendant was the person who committed the robbery. These contentions

are totally unsupported by the evidence. The testimony of the victim and officers is that these pictures were taken by the officers at police headquarters, photos of several people all fitting the same general description as that of the defendant. They contained no markings whatsoever until the victim identified the picture of the defendant, at which time that one was marked on the reverse side by the victim, Mr. Guy. In his per curiam, the trial judge states that there is nothing about these pictures to make the defendant stand out. These photographs were relevant and were properly accepted as a predicate to show the fairness of the photographic identification of the defendant. La.R.S. 15:441 et seq.

■■■■■■■ for the defense objects to state's exhibits S–9 through S–14 on the grounds that they were immaterial and irrelevant. S–9, Mr. Guy's driver's license, S–10, Mr. Guy's social security card, S–11, Mr. Guy's metal social security card, S–12, personal identification of Mr. Guy, S–13, a National Airline ticket stub, are all relevant as they are personal effects belonging to the victim and found in the wallet in the possession of the defendant at the time he was arrested. La.R.S. 15:441 et seq.

■ The final state's exhibit objected to by counsel for the defense is a pocket knife found in possession of the defendant at the time he was arrested. This piece of evidence is another object of property taken from the defendant at the time of his arrest, and even though it may seem irrelevant to his present charge, there was no prejudice shown by the admission of this evidence.

■ The defendant's final bill of exceptions was taken to denial of the motion for new trial. No grounds are specified in the bill of exceptions as a basis for the motion for new trial nor is there any indication as to what error is complained of. In his per curiam to the six bills of exceptions, the trial judge notes that the motion for new trial was based on the contention that the verdict was contrary to the law and the evidence. A bill of exceptions taken to the denial of a motion for new trial based upon an allegation that the verdict is contrary to law and evidence presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).

For these reasons, the conviction and sentence are affirmed.

SUMMERS, J., concurs in the result only.