504 So.2d 1086 (1987)
STATE of Louisiana
v.
Anthony Wayne BROWN.
No. KA 86 0921.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*1087 James R. McClelland, Asst. Dist. Atty., Franklin, for appellee.
F. Smith Knobloch, Atty., Knobloch & Knobloch, Thibodaux, for appellant.
Before EDWARDS, WATKINS and Le BLANC, JJ.
Le BLANC, Judge.
The defendant, Anthony Wayne Brown, was charged by bill of information with aggravated battery, in violation of La.R.S. 14:34. Brown pled not guilty and elected trial by jury. The jury convicted the defendant as charged. The State filed a motion to enhance the sentence pursuant to La.R.S. 14:95.2 and La. Code of Crim.P. art. 893.1. After a hearing, the defendant was sentenced to a term of seven years imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. The defendant appeals, alleging five assignments of error. Assignment of error number 5 was not briefed on appeal and is, therefore, considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.

FACTS:
Between the hours of 7:30 and 8:30 p.m. on the evening of February 15, 1985, Johnny Calloway and Gwendolyn Bienvenu went to the truckers' room at the American Transport Company, Calloway's place of employment, in Morgan City, Louisiana, to talk and play cards. The record reflects that Bienvenu lived with the defendant, Anthony Wayne Brown, but had terminated the relationship prior to the incident on February 15, 1985.
According to the testimony of Calloway and Bienvenu, sometime after 9:00 p.m. the defendant, Anthony Wayne Brown, walked inside the drivers' shack and started arguing with Bienvenu. The defendant walked outside, retrieved a .22 caliber rifle, returned and kicked open the door, and ordered Calloway to get on his knees. Brown then hit Bienvenu on her shoulder with the rifle, turned to Calloway and shot him in the hand. After the initial shot, Calloway grabbed a table and placed it between himself and the defendant to protect himself. Using the table, Calloway pushed the defendant outside the door. As the defendant was leaving, he continued firing a number of shots. Calloway was shot three times.
At approximately 9:17 p.m., the Morgan City Police Department was notified about the incident. Officer Leroy Whitney went to the truckers' shack to examine the scene of the crime and to interview Bienvenu and Calloway. Both Bienvenu and Calloway testified that the attacker was the defendant, Anthony Wayne Brown, and gave a description of the car he was driving. Officer Whitney left the truckers' shack to look for the defendant. At approximately 9:37 p.m., Officer Whitney observed a car fitting the description given by Bienvenu and Calloway, stopped it, and placed the defendant under arrest.

ASSIGNMENT OF ERROR NO. 1:
Defendant contends that the trial court, in several instances during the trial, improperly commented upon the facts and/or the evidence in contravention of the provisions of La. Code Crim.P. art. 772. He argues that the alleged comments were prejudicial and denied him a fair trial and due process of law.
The specific allegations of improper comments are as follows: The trial court interrupted the direct examination of state witness Gwendolyn Bienvenu by questioning her regarding the dimensions of the room in the driver's shack where the shooting occurred and by affirmatively stating the dimensions the witness gave in her testimony. The trial court interrupted the direct examination of defense witness Reginald Long to question the witness concerning the time defendant left his mother's home on the day of the offense. The trial court interrupted the examination of defense witness *1088 Mrs. Roberta Jones Brown several times during direct and once during cross-examination to admonish the witness to be specific and/or concise in her response and to refrain from giving hearsay testimony. Lastly, the trial court, in the jury's presence, stated its reasons for denying defendant's objections to rebuttal evidence presented by the state.
We have carefully examined each of the alleged instances of improper comment and find that in each instance defense counsel failed to raise an objection to the alleged improper comment. Under these circumstances, defendant has failed to preserve any of his allegations of improper comment for review on appeal. See La. Code Crim.P. art. 841; State v. Deaton, 412 So.2d 586 (La.1982); State v. Nettles, 448 So.2d 250 (La.App. 1st Cir.1984).

ASSIGNMENT OF ERROR NO. 2:
Defendant contends that the trial court erred by refusing to admit evidence to impeach Johnny Calloway and Gwendolyn Bienvenu and evidence which would indicate that Calloway was shot by one of his in-laws. These contentions relate to trial court rulings sustaining various state exceptions to defense questioning of several witnesses during defendant's trial. Defense counsel, however, did not object to any of the rulings.
When defense counsel fails to make a contemporaneous objection to a ruling sustaining the state's objection to defense questioning, the alleged error is not preserved for review on appeal. See State v. Johnson, 404 So.2d 239 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.), writ denied, 433 So.2d 711 (La.1983). Herein, defense counsel's failure to object to the trial court rulings sustaining the state's objections prevents defendant from raising the alleged erroneous rulings on appeal.

ASSIGNMENT OF ERROR NO. 3:
Defendant contends that the trial court erred in admitting into evidence certain physical evidence and testimony presented by the state in rebuttal. He argues that he was not afforded the opportunity to refute or explain the evidence, denying him his constitutional right of confrontation.
Generally, rebuttal evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. La.R.S. 15:282; State v. Washington, 484 So.2d 946 (La.App. 1st Cir.1986); State v. Mack, 435 So.2d 557 (La.App. 1st Cir.), writ denied, 440 So.2d 727 (La.1983). The state may not reserve part of its case-in-chief for rebuttal testimony after the defense has put on its case and when it can no longer present evidence to rebut the state's case. State v. Turner, 337 So.2d 455 (La.1976). The determination of whether the evidence is rebuttal evidence, and therefore admissible, is an issue which is addressed to the sound discretion of the trial court. State v. Mack, supra.
Defendant objected to the testimony of Officer Leroy Whitney in regard to the officer's testimony pertaining to two spent .22 caliber casings recovered at the scene of the shooting and an unfired .22 caliber bullet found inside the trunk of defendant's car as a result of his consent to search the car. Defendant also objected to the introduction of the two spent casings and the bullet into evidence.
In denying the objections the trial court noted that defendant had taken the stand and had denied any complicity in the crime as well as even having been at the scene. Defendant had specifically denied that he owned or possessed a .22 caliber rifle. The trial court concluded that the testimony and offerings of physical evidence tended to rebut defendant's testimony.
Control of evidence presented by the state on rebuttal is within the sound discretion of the trial judge whose ruling will not be disturbed except in extreme cases, as where the evidence has been kept back deliberately and for the purpose of deceiving and obtaining undue advantage of the defendant. State v. Williams, 445 *1089 So.2d 1171 (La.1984). Herein, we find that the state did not purposefully hold back the rebuttal evidence to obtain undue advantage of defendant. Nor was defendant unduly prejudiced thereby. We conclude that the trial court did not abuse its discretion by allowing the introduction of Officer Whitney's testimony and the items of physical evidence in rebuttal.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4:
Defendant asserts that the trial court erroneously imposed the enhanced penalties provided in La.R.S. 14:95.2 and La. Code Crim.P. art. 893.1.
The bill of information charging defendant with aggravated battery did not additionally and specifically charge defendant with having violated the provisions of La.R.S. 14:95.2 at the time he committed the instant offense. Thus, the application of La.R.S. 14:95.2 is impermissible in this case. See State v. McCue, 484 So.2d 889 (La.App. 1st Cir.1986).
Likewise, the enhancement statute under La. Code Crim.P. art. 893.1 cannot be utilized in this case under the authority of State v. Jackson, 480 So.2d 263 (La.1985).
The Supreme Court in Jackson held that the provisions of La. Code Crim.P. art. 893.1 cannot be utilized by a sentencing court when the prosecutor has failed to notify the defendant prior to trial of his intention to seek enhancement of sentence by application of La. Code Crim.P. art. 893.1. It is clear from the transcript that the defendant was not given notice of the prosecutors intention to seek application of La. Code Crim.P. art. 893.1 prior to trial; therefore, the article is inapplicable.
Although the instant case was tried before Jackson, supra, was rendered, the Supreme Court in State v. Allen, 496 So.2d 301 (La.1986) allowed limited retroactivity to the case.
CONVICTION AFFIRMED, SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION AND IN ACCORDANCE WITH LAW.