RGOTHARD, Judge.
On Friday, December 2, 1994, Larry Singleton, Jr., age nineteen, his cousin, seventeen year old Jermaine Singleton, and nineteen year old Aric Lewis entered the First American Bank in Luling at 11:46 a.m. Defendant Aric Lewis wore a stocking cap, a baseball cap and a pair of red jockey shorts tied around his face; he carried a .380 semiautomatic handgun and a white pillow ease. Larry Singleton wore a ski mask and was armed with a twelve gauge shotgun with a pistol grip. Jermaine Singleton wore a red scarf over his face and a baseball cap. He was armed with a .45 caliber chrome-plated handgun and carried a green Delgado school bag.
| gLewis and the Singletons robbed the bank and threatened the four women tellers. Defendant Aric Lewis specifically ordered Kendra Baird to “open the f..vault”. She told him that she did not have the keys. He replied “Get the f-. key. Get the f-. key now.” Aric Lewis put his pistol in Kendra Baird’s back and walked her to the vault. Ms. Baird had trouble putting the key in the lock due to her anxiety. Lewis said, “Open the f-.door now. Don’t screw up or she’s [coworker Ruth Madere] dead. He’ll [Larry Singleton] blow her f.. brains out.” Inside the vault, Aric Lewis pushed his gun into Ms. Baird’s stomach and said, “Don’t look at me, don’t move, or I’ll blow your f-. guts all over this place.” Aric Lewis *93 filled Ms pillowcase with money. The three men left the bank. Unbeknownst to them a teller had been in the kitchen and contacted the police. A bystander also obtained a description of their car and also contacted the police. Thus the officers were on their way to apprehend Lewis and the Singletons even as they robbed the bank. After a veMcular chase and attempts to flee on foot, all of the perpetrators were apprehended.
Defendant Lewis pled not guilty at Ms arraignment. The state then invoked the firearms sentencing provision. Defendant withdrew Ms not guilty plea and entered a plea of guilty. The court ordered a pretrial sentencing investigation wMch indicated Arie Lewis was bom in Metairie to Mr. and Mrs. Romaliee Lewis.' He graduated from St. Charles Borromeo Grammar School and De La Salle High School. Arie Lewis attended Northwestern UMversity on a track scholar-sMp until 1994 when he lost Ms scholarsMp due to an injury. At the time of Ms arrest he was enrolled in Delgado Commumty College, majoring in radiology. His previous summer employment included the McDonald’s in River Ridge, the Oreck ^Warehouse in Harahan, IMTT in St. Rose, and Trans America Oil Refinery in Good Hope. Arie Lewis said he had no Mstory of drug abuse or mental illness.
The district court judge conducted a hearing on October 23, 1995 at wMch character witnesses Sister Songy of De La Salle and Aric’s mother appeared, and a hearing on October 27, 1995 at wMch the victims testified. On December 27, the district court sentenced the defendant to seventeen years at hard labor without benefit of parole, probation, or suspension of sentence on each count to run concurrently, with credit for time served and ordered defendant not eligible for good time release. Defendant appeals his sentence.
Defendant raises two assignments of error:
1. The trial court erred in deviating upward from the Louisiana sentencing guidelines, resulting in an excessive sentence.
2. The trial court erred in failing to consider mitigating factors, resulting in an excessive sentence.
ASSIGNMENT OP ERROR ONE
The Louisiana Sentencing Guidelines were repealed by the state legislature effective August 15, 1995, prior to defendant’s sentence. At the same time C.C.P. art 894.1 was amended to state the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. C.C.P. art 894.1 requires the trial court state for the record the considerations taken into account and the factual basis for imposing sentence. Even though the sentencing guidelines were repealed, the trial judge considered them, referred to them, and then made a considered choice to deviate from the maximum because of an aggravating circumstance. She stated that she was deviating from the guidelines because of “the violence, particularly the actual danger of death”.
|5In considering the issue of constitutional excessiveness, we find that the sentence imposed is not grossly disproportionate to the offense nor so disproportionate as to shock society’s sense of justice. State v. Lobato, 603 So.2d 739 (La.1992), on subsequent appeal, 621 So.2d 103 (La.App. 2 Cir.1993); State v. Davis, 449 So.2d 452 (La.1984). Defendant’s sentence is not much above the statutory minimum of ten years and is very much below the maximum ninety-nine year sentence. The sentence is also well within the range of other armed robbery sentences imposed on first time felony offenders. State v. Singleton, 96-203 (La.App. 5 Cir. 8/28/96), 680 So.2d 88, co-defendant Jermaine Singleton, seventeen years; State v. Jefferson, 606 So.2d 869 (La.App. 2 Cir.1992) sixteen years; State v. Hawkins, 572 So.2d 108 (La.App. 1 Cir.1990) twenty years; State v. Selders, 520 So.2d 1227 (La.App. 5 Cir.1988) thirty years. Thus defendant’s sentence is not constitutionally excessive. We find the record supports the sentence imposed and that the trial court did not abuse its discretion in sentencing defendant to seventeen years at hard labor without benefit of parole, probation, or suspension of sentence or good time.
ASSIGNMENT OF ERROR TWO
Defendant complains the trial court ignored three mitigating factors: Ms youth, *94 his impaired judgment, and his lack of an adult criminal record. The trial court noted that at nineteen the defendant was not a “youth”, but was rather into adulthood. Rather than a ease of impaired judgment following a long night of debauchery, as argued by the defendant, the trial judge found “thoughtful planning preceded the event”. As to defendant’s lack of an adult criminal record, the trial judge stated because defendant was from a good family that had given him a privileged upbringing and an excellent education, his crime was even more ^“despicable”. The trial court correctly found no mitigating factors on defendant’s behalf. This assignment of error is without merit.
Finally, we have examined the record and found no errors patent upon the face thereof.
Defendant’s sentence is affirmed.
AFFIRMED.